**UNITES STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:26-cv-20805-WPD**

RENZO BARBERI,

      Plaintiff,

vs.

LA RAMPA RESTAURANT LLC, a Florida
Limited Liability Company and 1352 E 4TH
AVE PROPERTY LLC, a Florida Limited
Liability Company,

      Defendants.

_____/

**DEFENDANT LA RAMPA RESTAURANT LLC'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT**

Defendant, La Rampa Restaurant LLC ("Defendant"), by and through undersigned

counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss

Plaintiff Renzo Barberi's ("Plaintiff") Complaint for failure to state a claim upon which relief can

be granted. In support thereof, Defendant states as follows:

## I.     INTRODUCTION

Plaintiff's Complaint alleges violations of Title III of the Americans with Disabilities Act

("ADA"), 42 USCS § 12181, but fails to meet the pleading standards required under Federal Rule

of Civil Procedure 8(a)(2) and the Supreme Court's decisions in Ashcroft v. Iqbal, 556 U.S. 662

(2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, Plaintiff's

Complaint is deficient in the following respects:

    1.     Plaintiff fails to specify how Defendant failed to make reasonable modifications in

policies, practices, or procedures.

2.      Plaintiff does not adequately allege how the alleged barriers deterred or harmed him.

3.      Plaintiff fails to allege facts showing that removal of the barriers is readily achievable.

4.      Plaintiff does not allege that Defendant has the ability or authority to make the modifications or changes sought.

For these reasons, Plaintiff's Complaint should be dismissed in its entirety.

## II.      LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal.* A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

## III. ARGUMENT

**I. Plaintiff Fails to Specify How Defendant Failed to Make Reasonable Modifications in Policies, Practices, or Procedures.**

Under 42 U.S.C. § 12182(b)(2)(A)(ii), a public accommodation must make reasonable modifications in policies, practices, or procedures when necessary to provide access to individuals with disabilities, unless such modifications would fundamentally alter the nature of the goods or services provided. Plaintiff alleges that Defendant failed to make reasonable modifications but does not identify any specific policies, practices, or procedures that require modification or explain

how such modifications would provide access to Plaintiff [Complaint, ¶¶ 15(e), 20].

Courts have consistently dismissed ADA claims where plaintiffs fail to identify specific policies or practices that violate the ADA. For example, in *Kennedy v. Bindi, Inc.*, the court dismissed the complaint because the plaintiff failed to identify the specific policies or practices that violated the ADA or explain how they caused harm *Kennedy v. Bindi, Inc.*. Similarly, in *Walker v. Green*, the court denied relief where the plaintiff failed to specify which ADA standards applied and how they were violated *Walker v. Green*. Plaintiff's conclusory allegations here are similarly insufficient and warrant dismissal.

### II. Plaintiff Does Not Specify How the Alleged Barriers Deterred or Harmed Him.

To establish standing under Title III of the ADA, a plaintiff must allege that they encountered a barrier that interfered with their full and equal enjoyment of the facility and that they were deterred from returning due to the barrier. *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 947 (9th Cir. 2011) Chapman v. Pier 1 Imps. (U.S.), Inc.. Plaintiff alleges that he was "denied full and equal access" and "precluded" from returning to the facility but fails to provide specific facts explaining how the alleged barriers harmed or deterred him [Complaint, ¶¶ 15, 20].

Courts have dismissed similar claims where plaintiffs failed to connect alleged barriers to their specific disabilities or explain how the barriers deterred them. In *Cauley v. B & H Auto Parts, Inc.*, the court dismissed the complaint because the plaintiff's allegations of deterrence were boilerplate and lacked factual support, such as proximity to the facility or frequency of visits *Cauley v. B & H Auto Parts, Inc.*. Likewise, in *Ruiz v. H & S Mkt. LLC*, the court found that vague allegations of deterrence without concrete facts were insufficient to establish standing *Ruiz v. H & S Mkt. LLC*. Plaintiff's failure to allege specific facts connecting the barriers to his disability renders his claims deficient.

**III. Plaintiff Fails to Allege Facts Showing That Removal of Barriers Is Readily Achievable.**

Under 42 U.S.C. § 12182(b)(2)(A)(iv), a plaintiff must allege that removal of architectural barriers is "readily achievable," meaning "easily accomplishable and able to be carried out without much difficulty or expense" 42 USCS § 12181. Plaintiff's Complaint merely asserts that removal of the barriers is "readily achievable and technically feasible" without providing any factual support [Complaint, ¶ 16].

Courts have held that such conclusory allegations are insufficient. In *Lopez v. Catalina Channel Express, Inc.*, the Ninth Circuit emphasized that plaintiffs must plausibly allege how the cost of removing a barrier does not exceed the benefits under the circumstances *Lopez v. Catalina Channel Express, Inc.*. Similarly, in *Walker v. Green*, the court denied relief where the plaintiff failed to provide specific facts about the cost of removal or the defendant's financial resources *Walker v. Green*. Plaintiff's failure to provide any factual allegations regarding the cost, feasibility, or impact of barrier removal warrants dismissal of his claims.

**IV. Plaintiff Does Not Allege That Defendant Has the Ability or Authority to Make Modifications or Changes.**

To state a claim under Title III of the ADA, a plaintiff must allege that the defendant owns, leases, or operates the facility in question. 42 U.S.C. § 12182(a). Plaintiff alleges that Defendant La Rampa is the lessee and/or operator of the facility but provides no factual support for this assertion [Complaint, ¶ 5].

Courts have dismissed ADA claims where plaintiffs failed to allege facts showing that the defendant had the ability or authority to make the requested modifications. For example, in Kennedy v. Bindi, Inc., the court dismissed the complaint because the plaintiff failed to allege

facts showing that the defendant controlled the policies or practices at issue *Kennedy v. Bindi, Inc.*. Plaintiff's failure to allege facts demonstrating Defendant's authority to make the requested modifications is fatal to his claims.

## IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief can be granted.

## REQUEST FOR RELIEF

WHEREFORE, Defendant La Rampa Restaurant LLC respectfully requests that this Court:

1.     Dismiss Plaintiff's Complaint;

2.     Award Defendant its reasonable attorney's fees and costs incurred in defending this action; and

3.     Grant such other and further relief as the Court deems just and proper.


Dated this 19th day of March 2026

Respectfully submitted,

SPIEGEL & UTRERA, P.A.
Attorneys for Defendant
1840 Coral Way, 4th Floor
Miami, Florida 33145
Telephone: (305) 854-6000, ext. 204
Facsimile: (305) 857-3700
Email: attorneyfaragalla@amerilawyer.com
litigationassistant@amerilawyer.com
By: *Michael S. Faragalla, Esq.*
Florida Bar No.: 1014235

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 19th, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF system.

Respectfully submitted,

SPIEGEL & UTRERA, P.A.
Attorneys for Defendant
1840 Coral Way, 4th Floor
Miami, Florida 33145
Telephone: (305) 854-6000, ext. 204
Facsimile: (305) 857-3700
Email: attorneyfaragalla@amerilawyer.com
litigationassistant@amerilawyer.com
By: *Michael S. Faragalla, Esq.*
Florida Bar No.: 1014235