**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-20805-WPD

RENZO BARBERI,

       Plaintiff,

       vs.

LA RAMPA RESTAURANT LLC, a Florida
Limited Liability Company and 1352 E 4TH
AVE PROPERTY LLC, a Florida Limited
Liability Company,

       Defendants.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT LA RAMPA RESTAURANT LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [DE 11]

Plaintiff, Renzo Barberi, by and through undersigned counsel, hereby files a Response to

Defendant La Rampa Restaurant LLC's Motion to Dismiss Plaintiff's Complaint [DE 11] and in

opposition thereof respectfully states as follows:

### INTRODUCTION

Plaintiff filed an action against the Defendants pursuant to the Americans with

Disabilities Act ("ADA") and the ADA's Accessibility Guidelines ("ADAAG") due to

Defendants' numerous violations of the ADA [DE 1]. This matter is before the Court pursuant to

Defendant La Rampa Restaurant LLC's Motion to Dismiss Plaintiff's Complaint ("Motion to

Dismiss") [DE 11]. In the Motion to Dismiss, Defendant improperly argues that the Complaint

should be dismissed for failure to state a claim. However, the Motion to Dismiss fails to properly

challenge the validity of Plaintiff's Complaint. In the instant action, Plaintiff has properly pled a Title III ADA discrimination claim.

**MEMORANDUM OF LAW**

**LEGAL STANDARD**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a). A claim is subject to dismissal pursuant to Rule 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face." *Bell Atl Corp. v. Twobly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotations and citations omitted).

**PLAINTIFF HAS PROPERLY STATED A CLAIM AS REQUIRED BY THE FEDERAL RULES OF CIVIL PROCEDURE.**

A plaintiff alleging Title III ADA discrimination must initially allege that (1) he is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. 42 U.S.C. § 12182(a). *Lugo v. 141 NW 20th St. Holdings,* 878 F.Supp.2d 1291 (S.D. Fla. 2012).

In the instant action, Plaintiff properly pled a Title III ADA discrimination claim. Plaintiff has alleged that he suffers from a qualified disability and requires a wheelchair for mobility [DE 1, ¶3]; has pled that Defendant leases and operates a place of public accommodation [DE 1, ¶5 and 10]; has listed various physical barriers that preclude or limit his ability to access the full and

2

equal enjoyment of Defendant's property [DE 1, ¶15]; has alleged that the Defendant discriminated against him [DE 1, ¶13 and 15]; and has alleged that the removal of the barriers at the property is readily achievable [DE 1, ¶11 and 17].

Courts in the Southern District of Florida have continually held that similar allegations were sufficient to properly state a claim under which relief may be granted. In *Barberi v. La Ceiba,* Case No. 18-cv-21734-UU (S.D.Fla. May 30, 2018) [DE 12], the Honorable Court held that "**Defendants' motion would impose on Plaintiff a much higher pleading standard than is required.**" (emphasis added). Also see *Barberi v. Telot Insurance Corp.,* Case No. 16-21284-cv-JLK (S.D. Fla. August 25, 2016) [DE 18] ("At the motion to dismiss stage, this sufficiently states facts showing a claim for relief that is plausible on its face."); *Barberi v. Caribe Express Associates et al*, Case No. 1:14-cv-22639-RLR (S.D. Fla. December 18, 2014) [DE 25] ("the Court finds that Plaintiff has properly pled a Title III ADA discrimination claim.")

Plaintiff has properly stated a claim for relief in compliance with the pleading requirements of Rule 8(b)(2) of the Federal Rules of Civil Procedure and under the existing case law. In *Caplan v. Action Relational Therapy of Florida Inc. et al,* [DE 20] (S.D.Fla. February 2, 2024), Honorable Judge Dimitrouleas stated,

> Plaintiff sufficiently describes several barriers that Plaintiff encountered at the subject property. ¶ 15. Plaintiff also alleges that the removal of the barriers at the property is readily achievable. ¶¶ 1, 11, 17. Based on these allegations, the Court finds that Plaintiff has afforded Defendants ample notice of what the case involves and satisfies the pleading requirements articulated in *Twombly* and *Iqbal*.

Plaintiff has satisfied the pleading requirements, discovery will provide more specificity, and it is properly inferred that the discriminatory barriers in the Complaint prevent access to Plaintiff, an individual who is bound to a wheelchair. Defendant's argument is meritless and has

3

no basis in fact or law.

### Plaintiff Has Properly Alleged Discrimination and Demonstrated Causal Connection Between his Injury-In-Fact and Defendant's Actions

Defendant argues that Plaintiff "fails to provide specific facts explaining how the alleged barriers harmed or deterred him." [DE 11 at page 3]. To the contrary, even a cursory glance at the violations encountered at Defendant's Facility enumerated in the Complaint shows that such violations are directly related to Plaintiff's disability. All thirteen (13) violations are factually specific, and it is distinctly apparent how Plaintiff is prevented from accessing Defendant's property.

It is clear that Plaintiff, who is bound to his wheelchair, requires a compliant disabled parking spot to safely access the Defendant's facility. [DE 1, ¶ 15(a-c, f)] It is clear that Plaintiff requires directional and informational signage [DE 1, ¶ 15(d, m)], a compliant access aisle [DE 1, ¶ 15(g)] attached to an accessible route [DE 1, ¶ 15(h-j)] so he can enter and exit his vehicle, safely maneuver through the parking facility, and safely get to/through the entrance [DE 1, ¶ 15(k, l)]. It is clear that Plaintiff cannot safely access a facility if there is a step which creates a barrier [DE 1, ¶ 15(i)].

Furthermore, Plaintiff clearly identified the specific policies or practices that violate the ADA [DE 1, ¶ 15(e)]: as the Defendant fails to repaint its non-compliant accessible parking space with blue paint to prevent it from fading, it is clearly apparent how Defendant has failed to make reasonable modifications in policies, practices and procedures and continues to refuse to provide Plaintiff full and equal access to the Subject Facility and has precluded him from enjoying the services offered to the general public.

In addressing a similar argument, Honorable Judge Dimitrouleas explained: " 'it can **properly be inferred that the physical barriers identified in the Complaint would prevent access' to Plaintiff, as he is required to use a mobility aid**. *See Lugo*, 878 F. Supp. 2d at 1296… Here, in contrast, Plaintiff alleges he suffers from a disability which 'substantially limits Plaintiff's major life activities, including but not limited to walking, and requires the use of a mobility aid' (Compl. ¶ 3) — making clear that barriers such as a lack of disabled parking spots or access routes would impede his access to the store…Accordingly, Besner's Motion is denied, as Plaintiff may proceed on his claim against Besner that the architectural barriers identified in the Complaint violate Title III of the ADA." *Caplan v. Cthai LLC,* Case No. 18-cv-62567-WPD (S.D. Fla. March 15, 2019) [DE 33] (emphasis added)

Notably, Defendant does not deny the existence of the architectural barriers at the Subject Facility, which are clearly and specifically enumerated in the Complaint. As even Defendant does not deny the existence of the violations, and it is properly inferred that such violations prevent access to Plaintiff, it is clear that a live dispute exists between the parties, and the Complaint should not be dismissed.

### Plaintiff Properly Alleged that Removal of the Discriminatory Barriers is Readily Achievable

In the Motion to Dismiss, Defendant improperly argues that Plaintiff should have provided "factual allegations regarding the cost, feasibility, or impact of barrier removal" in his Complaint [DE 11, pg. 4]

Although Plaintiff must demonstrate that removal of the architectural barriers is "readily achievable" or "easily accomplishable and able to be carried out without much difficulty or

expense" (42 U.S.C. §§ 12181(9), 12182(b)(A)(iv)), contrary to Defendant's claims, at the motion-to-dismiss-stage, Plaintiff "does not need to establish how each alleged violation must be altered or cured." *Caplan v 7th Ave Tire and Wheel Inc. et al.*, Case No. 23-23989-civ-Moreno [DE 24 at 3] (S.D.Fla. April 18, 2025) citing *Barberi v. Luisi Dollar Disc. Mini Mkt., Inc.*, Case No. 17-20522-civ-Moreno, 2017 WL 2651710, at 4 (S.D.Fla. June 19, 2017) (deeming the plaintiff's allegation "that removal of the discriminatory barriers and violations is readily achievable and technically feasible" is sufficient to survive dismissal).

Plaintiff has properly alleged that removal of the discriminatory barriers and violations is readily achievable [DE 1, ¶17], and Plaintiff has properly alleged that his injury is likely redressable by a favorable court decision in so far as an order from the Court would cause Defendants to alter the Subject Facility to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA [DE 1, ¶20].

### Defendant is Liable as the ADA Provides for Joint & Several Liability

In the Motion to Dismiss, Defendant improperly argues that Plaintiff should provide a factual support for his allegation that Defendant La Rampa Restaurant LLC is the lessee and operator of the Subject Facility [DE 11 at 4]. However, under the ADA, prohibitions against discrimination apply to "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The express terms of the ADA hold a landlord and a tenant(s) liable for noncompliance with the Act. *Botosan v. Paul McNally Realty,* 216 F.3d 827, 832–34 (9th Cir.2000). In *Botosan,* the appellate court noted that the legislative history of the ADA supports this construction of the statute:

6

> This [provision] makes it clear that the owner of the building which houses the public accommodation, as well as the owner or operator of the public accommodation itself, has obligations under this Act. For example, if an office building contains a doctor's office, both the owner of the building and the doctor's office are required to make readily achievable alterations. It simply makes no practical sense to require the individual public accommodation, a doctor's office for example, to make readily achievable changes to the public accommodation without requiring the owner to make readily achievable changes to the primary entrance to the building. Similarly, a doorman or guard to an office building containing public accommodations would be required, if requested, to show a person who is blind to the elevator or to write a note to a person who is deaf regarding the floor number of a particular office. The amendment also clarifies that entities which lease public accommodations are covered by the requirements of this title.

*Botosan,* 216 F.3d at 832 (quoting H.R.Rep. No. 101–485(III), at 55–56 (1990), reprinted in 1990 U.S.C.C.A.N. 445, 478–79).

In *Gutierrez v. Vantia Properties, LLC*, 2014 WL 2106570, at *9-10 (E.D. Cal. May 20, 2014), although the complaint did not specify whether the parties were co-tenants, co-owners, or in a landlord-tenant(s) relationship, in all of those cases, liability for failure to comply with the ADA is joint and several. The court stated even if Defendants had an agreement to allocate responsibility for compliance each Defendant still remains responsible for ADA compliance. *Id.; Botosan,* 216 F.3d at 832–34.

Landlords and tenants are jointly liable for Title III ADA violations. *Kennedy v. HDBF,* 2017 WL 1683186 (M.D. Fla. March 27, 2017).

The allocation of responsibility for ADA compliance should not be addressed at the motion to dismiss stage. *Cf.* 28 C.F.R. § 36.201(b) ("Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of

public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract."); 1 *Ams. with Disabilities: Practice & Compliance Manual* § 4:44 ("A customer should not have to obtain a copy of the lease and other contracts in order to determine whether the landlord or the tenant is the proper defendant. The customer should be able to bring an action and let the tenant and the landlord fight among themselves over who is responsible to pay for any required improvements. As a practical matter, it may be necessary to join both the landlord and the tenant in a private cause of action under Title III of the Americans with Disabilities Act of 1990 (ADA) in order to obtain effective relief." (footnotes omitted)); *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 379 (2d Cir. 2008) ("Of course, owners and operators of facilities may allocate by lease or contract their relative responsibilities for compliance with the ADA. *See Americans with Disabilities Act Handbook* at § 6.02[ (4th ed. 2003) ].

As the Court in *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015) explained, **"[A] landlord and tenant are jointly liable for ADA violations in the tenant's establishment regardless of any contractual provisions that shift liability. Either codefendant is free to seek indemnification from the other, but that does not affect an ADA plaintiff's right to recovery.**" [emphasis added] In *Raetano v. Bray,* 2012 WL 2979022 (M.D. Fla. 2012), the Court held that "Both a landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates a place of public accommodation are obligated to comply with the ADA. Though a landlord and tenant may allocate responsibility for complying with the

ADA by lease or other contract, that **contractual allocation of responsibility has no effect on the rights of third parties.**" (internal citations omitted). [emphasis added]

In *Caplan v. HMP Food, Inc.,* Honorable Judge Cohn denied a motion to dismiss based on a similar argument, and explained:

> But the argument fails because the ADA prohibits discrimination "by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Landlords and tenants are thus jointly liable for ADA violations. See Rush v. Sports Chalet, Inc., 779 F.3d 973, 974 (9th Cir. 2015). While one may agree to indemnify the other, they may not contractually shift their responsibility to third parties. See Hoewischer v. Terry, 2011 WL 5510274, at *2-3 (M.D. Fla. Nov. 10, 2011) (citing Botosan v. Paul McNally Realty, 216 F.3d 827, 832-34 (9th Cir. 2000)). Accordingly, the fact that Sunstate's landlord may also face ADA liability does not diminish Sunstate's potential liability.

*Caplan v. HMP Food, Inc., et al.,* Case No. 18-cv-80298-JIC (S.D.Fla. Aug. 10, 2018) [DE 19]

Thus, it is clear that the contractual provisions contained in the Defendant's lease have no bearing on Plaintiff's rights under the ADA. As the tenants and the landlord are jointly liable, Plaintiff does not need to identify specifics as to which of the Defendants are responsible for the areas of the Subject Property where the ADA violations occurred. Plaintiff visited Defendants' property and encountered architectural barriers in violation of the ADA which impeded his ability to full and equal enjoyment of the facilities, services, goods, and amenities within the Subject Facility. It is indisputable that Defendant's customers park in the parking lot. It is inferable that Defendant would most likely not have leased this particular property if it did not provide parking to its customers. Defendant provides parking to the public desiring to enter the public accommodation that it operates. The lack of compliant disabled parking, access aisle, accessible route, compliant ramp, entrance, and proper signage discriminate against Plaintiff and

9

do not allow Plaintiff to safely access the Defendant's place of public accommodation to enjoy the goods at the Defendant's restaurant on a full and equal basis.

### CONCLUSION

Courts in this District have continuously denied such meritless motions to dismiss. It is clear that Defendant knowingly filed the instant motion for purely dilatory purposes. For all of the above-mentioned reasons, Defendant's arguments in the Motion to Dismiss lack merit. Defendant's Motion to Dismiss should be denied in its entirety.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss and grant any other relief in favor of Plaintiff that the Court deems just and proper.

Respectfully submitted,

By: *Ronald E. Stern*
Ronald E. Stern, Esq.
Florida Bar No. 10089
THE ADVOCACY LAW FIRM, P.A.
1835 E Hallandale Beach Blvd., # 757
Hallandale, Florida 33009
Telephone: (954) 639-7016
Facsimile: (954) 639-7198
Email: ronsternlaw@gmail.com
Attorney for Plaintiff, RENZO BARBERI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-20805-WPD

RENZO BARBERI,

       Plaintiff,

       vs.

LA RAMPA RESTAURANT LLC, a Florida
Limited Liability Company and 1352 E 4TH
AVE PROPERTY LLC, a Florida Limited
Liability Company,

       Defendants.
_____/

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on May 31, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *<u>Ronald E. Stern</u>*
Ronald E. Stern, Esq.
Florida Bar No. 10089
THE ADVOCACY LAW FIRM, P.A.
1835 E Hallandale Beach Blvd., # 757
Hallandale, Florida 33009
Telephone: (954) 639-7016
Email: ronsternlaw@gmail.com
Attorney for Plaintiff, RENZO BARBERI

## <u>SERVICE LIST:</u>

RENZO BARBERI, Plaintiff, vs. LA RAMPA RESTAURANT LLC, a Florida Limited Liability Company and 1352 E 4TH AVE PROPERTY LLC, a Florida Limited Liability Company

United States District Court Southern District of Florida

Case No. 1:26-cv-20805-WPD

### <u>LA RAMPA RESTAURANT LLC</u>

**ATTORNEY:**

SPIEGEL & UTRERA, P.A.
1840 Coral Way, 4th Floor
Miami, Florida 33145
Email: attorneyfaragalla@amerilawyer.com

**VIA CM/ECF**

### <u>1352 E 4TH AVE PROPERTY LLC</u>

**REGISTERED AGENT:**

NAVARRO, CHRISTIAN
14060 NW 82 AVE
MIAMI LAKES, FL 33016

**VIA U.S. MAIL**