UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-20805-WPD

RENZO BARBERI,

        Plaintiff,

v.

LA RAMPA RESTAURANT LLC AND
1352 E 4TH AVE PROPERTY LLC.,

        Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS

This cause is before the Court on Defendant La Rampa Restaurant, LLC ("Defendant" or "La Rampa")'s Motion to Dismiss, filed herein on March 19, 2026. [DE 11]. The Court has considered the Motion and the Response [DE 12], filed herein March 31, 2026, notes that no reply has been timely filed, and is otherwise fully advised in the premises. [1]

### I.      STANDARD OF LAW

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is

---

[1] Defendant 1352 E 4th Ave Property LLC was served on April 1, 2026 and its response is due April 22, 2026. It does not join this motion.

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334–36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

Nevertheless, the Court need not take allegations as true if they are merely "threadbare recitals of a cause of *action's* elements, supported by mere conclusory statements . . ." *Iqbal*, 556 U.S. at 663. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984)).

## II.  DISCUSSION

Plaintiff's Complaint is brought pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et. seq. *See generally* [DE 1]. His Complaint seeks declaratory and injunctive relief in the form of remedying the allegedly noncompliant and discriminatory barriers.

Defendant La Rampa Restaurant LLC mounts four arguments in support of dismissal. It argues, first, that Plaintiff fails to "to specify how Defendant failed to make reasonable modifications in its procedures." Second, Plaintiff fails to allege how the alleged barriers deterred or harmed him. Third, that Plaintiff fails to allege facts showing that removal of the barriers is readily achievable. And fourth, that Plaintiff fails to allege that Defendant has the ability or authority to make the modifications or changes sought. After careful consideration, the Court finds dismissal is not appropriate on any of these bases.

A plaintiff alleging Title III ADA discrimination must allege that (1) he is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3)

the defendant discriminated against the plaintiff within the meaning of the ADA. 42 U.S.C. § 12182(a). Plaintiff sufficiently alleges each prong.

First, the Court disagrees that Plaintiff fails to allege the specific barriers at issue or how they deterred him or discriminated against him. Plaintiff identified several specific policies or practices that violate the ADA, which include, *inter alia*, the lack of a compliant accessible parking space and the lack of a compliant access route to the facility entrance. *See* [DE 1] ¶ 15. Moreover, Plaintiff alleges that he uses a wheelchair and the noncompliant facilities impacted him. [DE 1] ¶ 3. "[I]t can properly be inferred that the physical barriers identified in the Complaint would prevent access to Plaintiff, as he is required to use a mobility aid." *Lugo v. 141 NW 20th St. Holdings*, 878 F.Supp.2d 1291, 1296 (S.D. Fla. 2012).

Second, although Plaintiff must allege that the removal of the barrier is readily achievable, *see* 42 U.S.C. § 12181(9); *Gathright–Dietrich v. Atlanta Landmarks, Inc.,* 452 F.3d 1269, 1273 (11th Cir. 2006), "at the motion-to-dismiss-stage, Plaintiff does not need to establish how each alleged violation must be altered or cured." *Caplan v 7th Ave Tire and Wheel Inc. et al*., Case No. 23-23989 (S.D. Fla. April 18, 2025) (citing *Barberi v. Luisi Dollar Disc. Mini Mkt., Inc.,* Case No. 17-20522, 2017 WL 2651710, at 4 (S.D. Fla. June 19, 2017). Instead, as here, an allegation that removal of the discriminatory barriers and violations is "readily achievable and technically feasible" ¶ 17 is sufficient to survive dismissal. *See id.*

Third, Plaintiff need not allege that La Rampa Restaurant, LLC, has actual authority or ability to make the modifications sought. Under the ADA, prohibitions against discrimination apply to "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A customer may jointly bring a claim against both a landlord and tenant, and the exact allocation of responsibility is not appropriate on a motion to

dismiss, prior to any liability finding. *See Caplan v. HMP Food, Inc., et al.*, Case No. 18-80298 (S.D. Fla. Aug. 10, 2018) (citing *Rush v. Sports Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015)). "[A] landlord and tenant are jointly liable for ADA violations in the tenant's establishment regardless of any contractual provisions that shift liability. Either codefendant is free to seek indemnification from the other, but that does not affect an ADA plaintiff's right to recovery." *Rush*, 779 F.3d at 974; *see also Hoewischer v. Terry,* 2011 WL 5510274, at *2-3 (M.D. Fla. Nov. 10, 2011) *(*citing *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832-34 (9th Cir. 2000)).

### III.     CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion to Dismiss [DE 11] is **DENIED**. Defendant La Rampa Restaurant LLC shall file an answer to the Complaint by May 4, 2026.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 20th day of April, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to

Counsel of record